IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. |
| EUCLID CITY SCHOOL DISTRICT BOARD OF EDUCATION and CUYAHOGA COUNY BOARD OF ELECTIONS, | |
| Defendants. | |

**FACTUAL STIPULATION OF THE PARTIES AS TO LIABILITY**

The United States filed this action to enforce Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973 ("Section 2"). The complaint alleges that the current at-large method of electing the members of the Euclid City School District Board of Education, enhanced by the use of staggered terms, results in African-American citizens having less opportunity than white citizens to participate in the political process and to elect candidates of their choice to the Board of Education in violation of Section 2.

The parties, through counsel, have conferred extensively and agreed that it is in the best interest of all parties that this lawsuit be resolved without the expense of protracted, costly and potentially divisive litigation. Accordingly, the parties have entered into this Factual Stipulation as an appropriate resolution of the liability phase of this action.

The parties stipulate as follows:

1. This Court has jurisdiction of this action pursuant to 42 U.S.C. § 1973j(f) and 28 U.S.C. § 1345.

2. In a related case this Court found that the City of Euclid's mixed at-large/ward method of electing its city council violated Section 2 of the Voting Rights Act, as amended, 42 U.S.C. § 1973 and entered a remedial order. Specifically, this Court found that the United States had proven by a preponderance of the evidence that the African-American minority group in the City of Euclid is sufficiently large and geographically compact to constitute a majority in at least one single-member district under a hypothetical eight-district plan; that this African-American minority group is politically cohesive and that the white majority votes sufficiently as a bloc to enable it usually to defeat the minority's preferred candidate in city-wide elections. United States v. City of Euclid, 1:06CV01652, slip op. (N.D. Ohio April 16, 2008), 2008 WL 1775282 at 23-24. Under the totality of the circumstances test, this Court found that African-Americans in the City of Euclid have suffered historical discrimination in housing, education, and employment that affects their ability to participate politically; that voting in Euclid is racially polarized; that Euclid's "slot" or numbered post system enhances vote dilution; that African-Americans have a lower socioeconomic status and lower political participation rate; and that African-American candidates have been completely unsuccessful in Euclid. Id.

3. The electorate for the Euclid City Council and the Euclid City School District Board of Education is the same. Thus, the findings of this Court in United States v. City of Euclid, as set forth in paragraph 2 above, are probative of the vote dilution claim in the instant case, with the exception of the Court's finding as to "slots."

4. The Euclid City School District is a political subdivision of the State of Ohio established under the laws of that State. The Euclid City School District is coterminous with the City of Euclid, which is located in Cuyahoga County.

5.       Defendant Euclid City School District Board of Education (hereinafter referred to as "Defendant Board of Education") is the body established under the laws of the State of Ohio responsible for governing and administration of the Euclid City School District.

6.       The Euclid City School District Board of Education is composed of five members, each of whom is elected at large in odd-numbered years to four-year, staggered terms. The Board of Education elections are nonpartisan. Every other year, Euclid voters elect either two or three members of the Euclid City School District Board of Education. No primary elections are held; those candidates receiving a plurality of the votes commensurate with the number of contested seats are elected. The current at-large and staggered-term features for the Board of Education election process are mandated by Ohio law. Ohio Rev. Code Ann. §§ 3313.02, 3313.08, 3313.09.

7.       Defendant Cuyahoga County Board of Elections is the entity under the laws of the State of Ohio responsible for the preparation and conduct of elections for the Euclid City School District Board of Education.

8.       According to the 2000 U.S. Census, the City of Euclid has a total population of 52,717. Of this total population, 30.5% (16,297) is African-American, and 65.7% (34,678) is white. Other groups comprise less than four percent of the population. The City of Euclid has a total voting age population of 40,937, 27.8% (11,397) of which is African-American and 69.7% (28,528) of which is white.

9.       "[T]he law is quite clear that Census data has a presumption of correctness unless and until established to be incorrect." Transcript of Hearing at 11, August 21, 2007 in United States v. City of Euclid, 1:06CV01652 (N.D. Ohio).

10. Were this matter to proceed to trial, the United States would prove using 2000 Census data that the African-American population of the City of Euclid is sufficiently numerous and geographically compact to constitute a majority of the voting-age population in one reasonably compact voting district under a hypothetical five-district plan. The Defendant Board of Education therefore stipulates that the United States can establish the first <u>Thornburg</u> v. <u>Gingles</u> factor as to liability. 478 U.S. 30 (1986). The parties acknowledge the Board of Education disputes and may continue to challenge the appropriateness of the hypothetical five-district plan as a remedy, including challenges to whether the five-district plan's configuration is appropriate for Board of Education elections as compared to alternative plans.

11. This Court's findings in <u>United States</u> v. <u>City of Euclid</u> do not address the fact that in addition to the at-large feature, elections for the Euclid City School District Board of Education involve the use of staggered terms as required by Ohio law. The Supreme Court recognizes staggered terms as one of many vote dilution devices in at-large elections. <u>City of Rome</u> v. <u>United States</u>, 446 U.S. 156, 183-85 (1980). Defendant Board of Education believes, however, that some combination of at-large elections and staggered terms could be part of an acceptable remedy in the instant case.

12. Defendants acknowledge that the City of Euclid engaged in a vigorous and costly defense against the allegation that its election process for city council members violated Section 2 of the Voting Rights Act, and that, nevertheless, this Court ruled the United States proved beyond a preponderance of the evidence that a Section 2 violation occurred. In light of this Court's ruling in <u>United States</u> v. <u>City of Euclid</u>, Defendants stipulate that the United States

would establish at trial in this case the factors identified in Thornburg v. Gingles, 478 U.S. 30 (1986), which are probative of a vote dilution claim under Section 2.

13. Based upon this Court's findings and ruling in United States v. City of Euclid, Defendant Euclid City School District Board of Education further acknowledges that the current method of electing its members as set forth in the Ohio Revised Code operates with a discriminatory effect in Euclid so as to violate Section 2 of the Voting Rights Act.

14. The United States makes no claim of intent in this action. Proof of discriminatory intent is not necessary in proving a violation of Section 2 of the Voting Rights Act as this Court observed in ruling from the bench in United States v. City of Euclid:

> A Section 2 claim is designed to determine whether or not there is, in fact, a dilutive effect on minority participation in the electoral process. The law is quite clear that the intent of a state or local government in establishing or adopting or maintaining a particular electoral mechanism is not relevant to the question of whether that electoral mechanism violates Section 2 of the Voting Rights Act, and the Supreme Court has also made clear that there is no obligation to establish that individual white voters actually vote with any discriminatory motive or intent in exercising their own rights to vote. The inquiry is an effect alone inquiry, and the Court is to determine whether or not there is, as I said, a dilutive effect. The Court is to look to impact; not intent.

Transcript of Hearing at 4-5, August 21, 2007 in United States v. City of Euclid, 1:06CV01652 (N.D. Ohio).

15. The parties acknowledge that defendants have the authority to settle litigation in good faith where further expenditure of public funds in defense thereof is not likely to be in the best interests of the public. Defendant Euclid City School District Board of Education believes it has no independent ability to alter or override state law with respect to the method of electing its members without court approval. The United States believes the Defendant Board of Education has authority to alter or override state law with respect to the method of electing its members to

5

the extent necessary to remedy a violation of federal law and with the approval of this Court.

The parties recommend this Court decide the remedial issues at a later date.

Entered this \_\_\_ day of _____ 2008.

_____

UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM AND CONTENT:

ATTORNEYS FOR THE UNITED STATES OF AMERICA:

    Respectfully submitted,

    MICHAEL MUKASEY
    Attorney General


    /s/ Grace Chung Becker
    _____
    GRACE CHUNG BECKER
    Acting Assistant Attorney General
    Civil Rights Division

    GREGORY A. WHITE
    United States Attorney


    /s/ Christopher Coates
    _____
    CHRISTOPHER COATES
    Chief, Voting Section


    /s/ Sonya L. Sacks
    _____
    SONYA L. SACKS
    Trial Attorney, Voting Section
    Civil Rights Division
    U.S. Department of Justice
    950 Pennsylvania Avenue, Room 7254-NWB
    Washington, D.C. 20530
    (202) 305-7781 (phone) / (202) 307-3961 (facsimile)
    sonya.sacks@usdoj.gov (email address)

ATTORNEYS FOR DEFENDANTS EUCLID CITY SCHOOL DISTRICT AND EUCLID CITY SCHOOL DISTRICT BOARD OF EDUCATION:

/s/ David Kane Smith
_____
DAVID KANE SMITH
KRISTA KEIM
Britton, Smith, Peters & Kalail Co., L.P.A.
3 Summit Park Drive, Suite 400
Cleveland, Ohio 44131
(216) 503-5055 (telephone)
(216) 503-5065 (facsimile)
dsmith@ohioedlaw.com
kkeim@ohioedlaw.com


/s/ Timothy J. Sheeran
_____
TIMOTHY J. SHEERAN
Squire, Sanders & Dempsey L.L.P.
4900 Key Tower
127 Public Square
Cleveland Ohio 44114-1304
(216) 479-8500 (telephone)
(216) 479-8780 (facsimile)
tsheeran@ssd.com

ATTORNEYS FOR DEFENDANT CUYAHOGA BOARD OF ELECTIONS:

/s/ Fredrick Whatley
_____
WILLIAM D. MASON
County Prosecuting Attorney
DAVID LAMBERT
FREDRICK WHATLEY
Assistant County Prosecuting Attorneys
Justice Center Bld.
1200 Ontario Street, Cleveland, OH-44115
(216) 443-7800 (telephone)
(216) 698-2270 (facsimile)
P4fww@cuyahogacounty.us